UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cr-00245-MOC-DCK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **DEMARCUS DONTE IVEY,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on defendant's Motion to Set Aside Order of Restitution. Defendant takes issue with this Court's allowance of restitution to the North Carolina Victim Assistance Fund, which reimbursed the family of a victim herein for funeral expenses. Defendant argues that there is no statutory authority for reimbursement of a collateral source. The government has timely responded.

In a case such as this involving the death of a victim, a court may require the defendant to "pay an amount equal to the cost of necessary funeral and related services." 18 U.S.C. §§ 3663(b)(3) and 3663A(b)(3). The Mandatory Victim Restitution Act ("MVRA") further provides for restitution to be paid to victims or victim compensators in place of the victim. 18 U.S.C.A. § 3664(j).1 Specifically, 18 U.S.C.A. § 3664(j)(1), states that "[i]f the victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation..." MVRA plainly contemplates that the victim-compensator should stand in the place of the victim. Defendant's motion is, therefore, denied.

1

***

Finally, the Court notes that the government's Response (#105) was filed under seal without first seeking leave of court or citing to the provision of law that allows the document to be sealed without first seeking leave. See L.Cr.R. 49.1.1(a); L.Cv.R. 6.1.  Review of the Response reveals, however, that it contains names and other personal identifiers of victims and that such filing under seal is necessary to protect such information and outweighs the public interest in filing such document publicly.  Therefore, the Court approves the sealed filing of the Response *nunc pro tunc*.  The Court has intentionally not made reference to such protected information in this public Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Set Aside Order of Restitution (#101) is **DENIED** and the filing under seal if the Response (#105) is **ALLOWED** *nunc pro tunc*.

Signed: May 2, 2018



Max O. Cogburn Jr
United States District Judge